# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SAMUEL ROBERT MURRAY,     )
                         )
        Plaintiff,        )
                         )     **CIVIL ACTION**
v.                      )
                         )     **No. 17-1086-JWL**
NANCY A. BERRYHILL,      )
Acting Commissioner of Social Security,   )
                         )
        Defendant.    )
_____)

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding no error, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

## I.    Background

Plaintiff argues that the Administrative Law Judge (ALJ) erred in finding Plaintiff has skills which are transferable to a job which does not exist in significant numbers, and

inadequately explained his finding that Plaintiff's use of a cane is not medically necessary. He seeks remand for further administrative proceedings.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is

2

not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court considers the issues in the order they would be reached in applying the sequential evaluation process, and finds no error in the ALJ's decision.

## II.     Whether the ALJ Properly Considered Plaintiff's Use of a Cane

Plaintiff points out that where a claimant needs an assistive device such as a cane, the RFC assessed must account for that need.  (Pl. Br. 8).  He argues that he uses a cane and that he has been prescribed a cane, but that the ALJ erred in finding that a cane is not necessary.  Id. at 9-12.  He argues that in doing so, the ALJ improperly substituted his medical judgment for that of Plaintiff's treating physician.  Id. at 12. The Commissioner argues that "the ALJ adequately explained why he found the use of a cane was not medically necessary," and that he may rely on the record evidence to discount a medical opinion that use of a cane is necessary.  (Comm'r Br. 6).  In his Reply Brief, Plaintiff argues that the Commissioner's argument in this regard is impermissible post hoc rationalization because "[t]he ALJ made a very succinct analysis with respect to the medical necessity of a cane in this case and cited very specific pages of the medical record to support his decision, none of which were those cited in the Defendant's brief." (Reply 3) (citing R. 31).

Plaintiff is correct that where the use of a cane is medically necessary, the ALJ must account for that use in the RFC assessed.  Staples v. Astrue, 329 F. App'x 189, 191-

92 (10th Cir. May 19, 2009) (citing Soc. Sec. Ruling (SSR) 96-9p 1996 WL 374185 at

*7).  But, as the opinion in Staples points out, medical necessity is shown only where the

claimant presents "medical documentation establishing the need for a hand-held assistive

device . . . and describing the circumstances for which it is needed." Id. at 191 (quoting

SSR. 96-9p).  Here, Plaintiff has not met the standard.  While the record contains

evidence that Plaintiff was prescribed a cane and was observed at times to use a cane, or

to have an antalgic gait, there is no evidence establishing that he needs to use a cane all

the time, or the circumstances for which it is needed.

The ALJ discussed Plaintiff's walking abilities extensively throughout his

decision.  (R. 21, 24-29, 31) (summarizing the record evidence and discussing, variously,

use of a cane or assistive device, gait, ambulation, walking, assistance).  Then, as Plaintiff

suggests in his Reply Brief, the ALJ made a very succinct conclusion regarding the

medical necessity for a cane:

> I do not find that a cane is necessary.  While the claimant was noted to have
> a cane on November 9, 2012 (Exhibit 17F, page 56), one month later his
> gait was non-antalgic (Exhibit 15F, page 3).  He was then prescribed a cane
> on March 5, 2013 (Exhibit 12F, page 26), but gait was normal on July 15,
> 2013 (Exhibit 17F, page 48), September 18, 2013 (Exhibit 17F, page 41),
> October 11, 2013 (Exhibit 16F, page 28), December 14, 2013 (Exhibit 17F,
> page 32), April 26, 2014 (Exhibit 17F, page 13), June 10, 2014 (Exhibit
> 12F, page 3), and March 17, 2015 (Exhibit 16F, page 3).

(R. 31).  However, contrary to the allegations in Plaintiff's Reply Brief, the evidence

cited in the paragraph quoted is not the only evidence relied upon by the ALJ in reaching

his conclusion regarding the medical necessity of a cane.  A fair reading of the decision

reveals the extent of the evidence relied upon, including Plaintiff's presentation to his

treatment providers, the medical opinion evidence, Plaintiff's hearing testimony, and the finding that Plaintiff's "statements about his impairments and functional limitations are only partially credible."  (R. 30) (emphasis added).

As Plaintiff suggests, an ALJ's decision should be evaluated based solely on the reasons stated in the decision.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).  It cannot be affirmed on the basis of appellate counsel's post hoc rationalizations for agency action; Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985); and a reviewing court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision.  Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).  Plaintiff attempts to expand this principal beyond use of the rationale presented in the decision to use of only the specific evidence cited in the decision.  However, the court's review is a "substantial evidence" review.  The question for the court is whether substantial record evidence supports the agency's rationale, and therefore it is appropriate for agency counsel to point out record evidence which supports that rationale and for the court to rely upon such evidence in the record even if that particular evidence was not cited in the decision.  Moreover, here, the evidence supporting the ALJ's rationale regarding medical necessity of a cane was cited in the decision at issue.  The ALJ did not err in his finding that Plaintiff's use of a cane is not medically necessary.

## III.    Whether Safety Inspector Jobs Exist in Significant Numbers in the National Economy

Plaintiff argues that the number of jobs available as a safety inspector in this case do not represent a significant number of jobs. (Pl. Br. 4). He admits that the decision regarding a significant number of jobs should be left to the common sense of the ALJ, but points out that the Tenth Circuit found that consideration should include "the level of claimant's disability; the reliability of the vocational expert's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on." Trimiar v. Sullivan, 966 F.2d 1326, 1330 (10th Cir. 1992) (quoting Jenkins v. Bowen, 861 F. 2d 1083, 1087 (8th Cir. 1988)). He argues that, like the ALJ in Allen v. Barnhart, 357 F.3d 1140, 1144 (10th Cir. 2004), the ALJ here "did not give explicit consideration to the factors [the Tenth Circuit] has recognized should guide the ALJ's commonsense judgment" in determining whether a significant number of jobs is available in a particular case. 357 F.3d at 1144.

The Commissioner argues that substantial evidence supports the ALJ's decision that 6,000 jobs as a truck safety inspector in the national economy is a significant number, and that therefore the court should defer to that finding. (Comm'r Br. 8). The Commissioner argues that the ALJ's finding in this case is reasonable, noting that recently the Sixth Circuit specifically held that "[s]ix thousand jobs in the United States fits comfortably within what this Court and others have deemed 'significant.'" Id. at 8-9 (quoting Taskila v. Comm'r of Soc. Sec., 819 F,3d 902, 905 (6th Cir. 2016)). She argues that in any case "the Trimiar factors are not relevant or applicable in cases involving a number of jobs in the national economy." Id. at 9 (citing Raymond v. Astrue, 621 F.3d 1269, 1274 n.2 (10th Cir. 2009) (emphasis in Comm'r Br.).

In his Reply Brief, Plaintiff argues that the Commissioner did not dispute his three key premises--that it is the Commissioner's burden at step five to prove that the available jobs exist in significant numbers, that the ALJ did not consider the <u>Trimiar</u> factors, and that if the job of safety inspector does not exist in significant numbers Plaintiff would be found disabled pursuant to the Medical-Vocational Guidelines.  (Reply 1-2).  He argues that therefore the Commissioner has waived the issue regarding each premise, and the court should remand for further proceedings.

In his decision, the ALJ found that Plaintiff "has acquired work skills from Past Relevant Work (PRW) that are transferable to other occupations with jobs existing in significant numbers in the National Economy."  (R. 32) (finding no. 10) (bolding omitted).  He found that "there are 6,000 such jobs Nationally and 500 in California.[1]" <u>Id.</u> at 33.  The regulations explain that "work exists in the national economy when it exists in significant numbers either in the region where you live or in several other regions of the country."  20 C.F.R. §§ 404.1566(a), 416.966(a).  "Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where you live are not considered 'work which exists in the national economy.'"  <u>Id.</u> at §§ 404. 1566(b), 416.966(b).  Because the ALJ found that there are a significant number of safety inspector jobs in the national economy (R. 32), and because the focus of the significant number of jobs looks to the national economy, the question before the court is whether

---

[1] At the time of the ALJ hearing in this case, Plaintiff resided in California, but venue is proper in Kansas in accordance with the second sentence of 42 U.S.C. § 405(g) because Plaintiff had moved to Kansas before he filed his Complaint.

6,000 jobs in the national economy is a significant number of jobs.  Raymond, 621 F.3d
at 1274 ("the number of jobs that contributes to the 'significant number of jobs' standard
looks to the national economy—not just a local area." quoting Harmon v. Apfel, 168 F.3d
289, 292 (6th Cir. 1999)).

The court sees no reason to find that the ALJ did not consider the Trimiar factors
in finding a significant number of jobs.  The very essence of the ALJ's RFC assessment
was to consider the level of Plaintiff's disability.  He specifically found the vocational
expert's testimony was reliable, and in fact the first issue he addressed in the decision
was Plaintiff's objection to the vocational expert testimony, and found her to be qualified
and reliable as an expert witness in this case.  He noted that at the hearing Plaintiff
testified that he drives 50 miles at a time.  Each of these findings relates to a Trimiar
factor and demonstrates that the ALJ considered relevant factors.  Plaintiff relies on the
fact that the ALJ did not perform a factor-by-factor analysis of the Trimiar factors, but he
does not cite authority for the proposition that such an analysis is required.  Moreover,
the courts' holding that factor-by-factor analyses are not required when considering
credibility factors, Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000), or regulatory
factors for weighing medical opinions, Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir.
2007), counsels against such a requirement when considering the Trimiar factors.

Plaintiff's suggestion that Allen requires an "explicit consideration to the factors,"
misunderstands the court's holding in Allen.  In Allen, the district court affirmed the ALJ
because it found that 900 jobs in the state was a significant number of jobs of which the
claimant was capable.  But, the appellate court found that two of the three representative

9

jobs considered (comprising 800 of the 900 jobs available) could not be performed by a person with the claimant's RFC.  <u>Allen</u> 357 F.3d at 1143-44.  It was in this context that the court held that the ALJ did not explicitly consider the remaining 100 jobs—at best he considered the 900 jobs, not the 100.

By the same token, the Commissioner's argument that the <u>Trimiar</u> factors are not relevant or applicable in cases such as this misunderstands the footnote upon which she relies in <u>Raymond</u>.  The court in <u>Raymond</u> held that the focus of the "significant number of jobs" standard is the national economy, not just a local area.  621 F.3d at 1274.  In a footnote, it recognized the claimant's argument "that the ALJ should have engaged in a multi-factor analysis to assess whether there are significant jobs in the regional economy."  <u>Id.</u> at 1274, n.2.  The court noted that the claimant missed the point of what <u>Trimiar</u> requires.  It concluded that "<u>Trimiar</u> does not hold that only regional jobs are relevant or that a court must engage in a factoral analysis when the number of jobs relevant available [sic] is, as here (1.34 million), much larger."  <u>Id.</u>  The point of the footnote is that either or both regional jobs or national jobs may be relevant depending on the individual case, and that a factoral analysis is not necessary when the number of available jobs is significantly higher.  There were 1.34 million jobs available in the national economy in <u>Raymond</u>.  The court did not hold that factoral analysis is irrelevant when considering jobs in the national economy, rather it noted that such analysis is irrelevant where the number of available jobs is clearly a significant number.

The question remains whether the ALJ erred in finding that 6,000 safety inspector jobs in the national economy is a significant number of jobs.  Both parties cite numerous

Social Security cases decided by various courts to suggest that 6,000 jobs in the national economy is not, or is, a significant number within the meaning of the Act and the regulations.  With the exception of cases showing the general principals of law applicable here, and the cases discussed above, the cases cited by the parties are not directly on point with this case or are not precedent binding on this court.  And, many of the arguments presented seek "to transform the significant-numbers inquiry from a fact question reviewed for substantial evidence into a legal question reviewed as a matter of statutory interpretation."  Taskila, 819 F.3d at 905.  To the extent that many of the cases cited by the parties turn on whether or not the error in that case was harmless, they are not relevant.  The defendant does not argue harmless error here, and as Plaintiff points out, if it was error to find 6,000 jobs in the national economy is a significant number, that error cannot be harmless because there is no evidence of other skills possessed by Plaintiff which might be transferable to other work of which he is capable.

The court has reviewed all of the cases cited by the parties and although it finds the question is close, it finds the case of Taskila is persuasive in the circumstances of this case.  In Taskila, the ALJ determined that Plaintiff was not disabled based on the finding that she was able to perform two occupations consisting of 200 jobs in the local area and 6,000 jobs nationally.  Id., 819 F.3d at 904.  Both the district court and the Sixth Circuit determined that finding was based upon "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (quoting Perales, 402 U.S. at 401). The court noted that "[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant.'"  Id., 819 F.3d at 905 (citing Nejat

11

v. Comm'r of Soc. Sec., 359 Fed. App'x. 574, 579 (6th Cir. 2009); Liskowitz v. Astrue, 559 F.3d 736, 743 (7th Cir. 2009); Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988); Barker v. Sec'y of Health & Human Servs., 882 F.2d 1474, 1479 (9th Cir. 1989)).

The court finds no error in the decision below.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated May 10, 2018, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**